# EXHIBIT 3

Mailing Address:
P.O. Box 27255
Raleigh, NC 27611

(919) 814-0700 or
(866) 522-4723

*Fax*: (919) 715-0135

# Numbered Memo 2020-19

| | |
|---|---|
| **TO:** | County Boards of Elections |
| **FROM:** | Karen Brinson Bell, Executive Director |
| **RE:** | Absentee Processes |
| **DATE:** | August 21, 2020 |

As you know—and are preparing for—we are expecting an unprecedented number of voters who will vote absentee-by-mail during the 2020 general election. In light of this, statewide uniformity and consistency in reviewing and processing these ballots will be more essential than ever. County boards of elections must ensure that the votes of all eligible voters are counted using the same standards, regardless of the county in which the voter resides.

This numbered memo directs the procedure county boards must use to address deficiencies in absentee ballots. The purpose of this numbered memo is to ensure that a voter is provided every opportunity to correct certain deficiencies, while at the same time recognizing that processes must be manageable for county boards of elections to timely complete required tasks.[1]

## 1. No Signature Verification

County boards shall accept the voter's signature on the container-return envelope if it appears to be made by the voter, meaning the signature on the envelope appears to be the name of the voter and not some other person. Absent clear evidence to the contrary, the county board shall presume that the voter's signature is that of the voter, even if the signature is illegible. A voter may sign their signature or make their mark.

The law does not require that the voter's signature on the envelope be compared with the voter's signature in their registration record. Verification of the voter's identity is completed through the witness requirement. See also Numbered Memo 2020-15, which explains that signature comparison is not permissible for absentee request forms.

---

[1] This numbered memo is issued pursuant to the State Board of Elections' general supervisory authority over elections as set forth in G.S. § 163-22(a) and the authority of the Executive Director in G.S. § 163-26.

## 2. Types of Deficiencies

Trained county board staff shall review each executed container-return envelope the office receives to determine if there are any deficiencies. Review of the container-return envelope for deficiencies occurs *after* intake. The initial review is conducted by staff to expedite processing of the envelopes.

Deficiencies fall into two main categories: those that can be cured with an affidavit and those that cannot be cured. If a deficiency cannot be cured, the ballot must be spoiled and a new ballot issued if there is time to mail the voter a new ballot that the voter would receive by Election Day. See Section 3 of this memo, Voter Notification.

### 2.1. Deficiencies Curable with an Affidavit (Civilian and UOCAVA)

The following deficiencies can be cured by sending the voter an affidavit:

- Voter did not sign the Voter Certification
- Voter signed in the wrong place

The cure affidavit process applies to civilian and UOCAVA voters.

### 2.2. Deficiencies that Require the Ballot to Be Spoiled (Civilian)

The following deficiencies cannot be cured by affidavit, because the missing information comes from someone other than the voter:

- Witness or assistant did not print name[2]
- Witness or assistant did not print address[3]
- Witness or assistant did not sign
- Witness or assistant signed on the wrong line
- Upon arrival at the county board office, the envelope is unsealed or appears to have been opened and re-sealed

If a county board receives a container-return envelope with one of these deficiencies, county board staff shall spoil the ballot and reissue a ballot along with a notice explaining the county board office's action, in accordance with this numbered memo.

---

[2] If the name is readable and on the correct line, even if it is written in cursive script, for example, it does not invalidate the container-return envelope.

[3] Failure to list a witness's ZIP code does not invalidate the container-return envelope. G.S. § 163-231(a)(5).

2

### 2.3. Deficiencies that require board action

Some deficiencies cannot be resolved by staff and require action by the county board. These include situations where the deficiency is first noticed at a board meeting or if it becomes apparent during a board meeting that no ballot or more than one ballot is in the container-return envelope If the county board disapproves a container-return envelope by majority vote in a board meeting, it shall proceed according to the notification process outlined in Section 3.

## 3. Voter Notification

If a county board office receives a container-return envelope with a deficiency, it shall contact the voter in writing within one business day of identifying the deficiency to inform the voter there is an issue with their absentee ballot and enclosing a cure affidavit or new ballot, as directed by Section 2. The written notice shall also include information on how to vote in-person during the early voting period and on Election Day. The written notice shall be sent to the address to which the voter requested their ballot be sent; however, if the deficiency can be cured and the voter has an email address on file, the county board shall send the cure affidavit to the voter by email. The notice shall also state that, if the voter prefers, they may appear at the county canvass to contest the status of their absentee ballot.

**There is not time to reissue a ballot if it would be mailed the Friday before the election, October 30, 2020, or later.** Within one business day of the determination that the container-return envelope is deficient, the county board shall:

1. Notify the voter by phone or email, if available, to provide information about how to vote in-person at early voting or on Election Day, if the determination is made between the Friday before the election and Election Day (between October 30 and November 3, 2020), and inform the voter about the ability to contest the status of their absentee ballot at county canvass; and
2. Notify the voter by mail. This notification shall inform the voter about the ability to contest the status of their absentee ballot at county canvass.

### Receipt of the Cure Affidavit

The cure affidavit must be received by the county board of elections by no later than 5 p.m. on Thursday, November 12, 2020, the day before county canvass. The cure affidavit may be submitted to the county board office by fax, email, in person, or by mail or commercial carrier. If a voter appears in person at the county board office, they may also be given and fill out a new cure affidavit. The cure affidavit may only be returned by the voter, the voter's near relative or legal guardian, or a multipartisan assistance team (MAT).

A wet ink signature is not required, but the signature used must be unique to the individual. A typed signature is not acceptable, even if it is cursive or italics such as is commonly seen with a program such as DocuSign.

## 4. Late Absentee Ballots

Voters whose ballots are not counted due to being late shall be mailed a notice stating the reason for the deficiency and they may appear at the county canvass to contest the status of their absentee ballot.

### 4.1. Civilian Ballots

Civilian absentee ballots must be received by the county board office by 5 p.m. on Election Day, November 3, 2020, or, if postmarked by Election Day, by 5:00 p.m. three days after the election, November 6, 2020.[4] Civilian absentee ballots received after this time are invalid.

### 4.2. UOCAVA Ballots

Ballots from UOCAVA voters must be received by the county board office by 7:30 p.m. on Election Day, November 3, 2020, or submitted for mailing, electronic transmission, or fax by 12:01 a.m. on Election Day, at the place where the voter completes the ballot.[5] If mailed, UOCAVA ballots must be received by the close of the business on the day before county canvass. County canvass is scheduled for November 13, 2020, and therefore the deadline would be November 12, 2020. UOCAVA ballots received after the statutorily required time are invalid.

## 5. Hearing at Canvass

If the voter appears in person at the county canvass to contest the disapproval of their deficient ballot, the county board shall provide the voter with an opportunity to be heard. The county board shall determine by majority vote whether the decision to disapprove the absentee container-return envelope should be reconsidered. The burden shall be on the voter to prove by a preponderance of the evidence that their container-return envelope was properly executed and timely received. The voter cannot "cure" a deficient absentee container-return envelope at the hearing.

## 6. Return of the Ballot

### 6.1. Method of Return

Civilian absentee ballots may be returned:

- In person at the county board office;
- In person at a one-stop early voting site in the voter's county;
- By mail or commercial carrier.

---

[4] G.S. § 163-231(b).

[5] G.S. §§ 163-231(b); 163- 258.10.

An absentee ballot returned to a polling place on Election Day shall not be counted. Precinct officials shall be trained to instruct a voter who brings their ballot to the polling place to instead return it to the county board office or mail it the same day ensuring a postmark is affixed.

### 6.2. Who May Return a Ballot

Only the voter, or the voter's near relative or legal guardian, is permitted to possess an absentee ballot.[6] A multipartisan assistance team (MAT) or a third party may not take possession of an absentee ballot. For this reason, county boards are required by rule to log absentee ballots that are delivered in person to their county board office. The log, which is completed by the person dropping off the ballot, shall include the name of the voter, name of person delivering the ballot, relationship to the voter, phone number and current address of person delivering the ballot, date and time of delivery of the ballot, and signature or mark of the person delivering the ballot certifying that the information is true that that they are the voter or the voter's near relative or legal guardian.[7]

**Because of the requirements about who can deliver a ballot, and because of the logging requirement, an absentee ballot may not be left in an unmanned drop box.** The county board shall ensure that, if they have a drop box, slot, or similar container at their office, the container has a sign indicating that absentee ballots may not be deposited in it.

Failure to comply with the logging requirement, or delivery of an absentee ballot by a person other than the voter, the voter's near relative, or the voter's legal guardian, is not sufficient evidence in and of itself to establish that the voter did not lawfully vote their ballot.[8] A county board shall not disapprove an absentee ballot solely because it was delivered by someone who was not authorized to possess the ballot. The county board may, however, consider the delivery of a ballot in accordance with the rule, 08 NCAC 18 .0102, in conjunction with other evidence in determining whether the container-return envelope has been properly executed.

---

[6] It is a class I felony for any person other than the voter's near relative or legal guardian to take possession for delivery to a voter or for return to a county board of elections the absentee ballot of any voter. G.S. § 163-223.6(a)(5).

[7] 08 NCAC 18 .0102.

[8] *Id.* Compare G.S. § 163-230.2(3), as amended by Section 1.3.(a) of Session Law 2019-239, which states that an absentee request form returned to the county board by someone other than an unauthorized person is invalid.

## Absentee Board Meetings

Pursuant to Session Law 2020-17, county boards will begin holding their absentee board meetings the fifth Tuesday before the election, rather than the third Tuesday before the election. Because the meetings must be noticed at least 30 days prior to the election, county boards should consider noticing additional meetings in order to plan for the increased volume of absentee ballots that are expected for this election.[9] The meetings may later be cancelled if the county board does not have absentee container-return envelopes to consider at that meeting. Additional guidance will be forthcoming regarding processing the increased volume of absentee ballots at these board meetings.

---

[9] G.S. § 163-230.1(f).

# Absentee Cure Affidavit

**Instructions**

You are receiving this affidavit because you did not sign the absentee ballot container-return envelope, or because you signed in the wrong place. For your absentee ballot to be counted, complete and return this affidavit as soon as possible. **It must be received by your county board of elections by no later than 5 p.m. on Thursday, November 12, 2020, the day before the county canvass.** You, your near relative or legal guardian, or a multipartisan assistance team (MAT), can return the affidavit by:

- Email
- Fax
- Delivering it in person to the county board of elections office
- Mail or commercial carrier

**If this affidavit is not returned to the county board of elections by the deadline, your absentee ballot will not count. You may still vote in person during the early voting period (October 15-October 31) or on Election Day, November 3, 2020.**

**READ AND COMPLETE THE FOLLOWING:**

I am an eligible voter in this election and registered to vote in [name] County, North Carolina. I solemnly swear or affirm that I requested, voted, and returned an absentee ballot for the November 3, 2020 general election and that I have not voted and will not vote more than one ballot in this election. I understand that fraudulently or falsely completing this affidavit is a Class I felony under Chapter 163 of the North Carolina General Statutes.

_____

Voter's Name

_____

Voter's Signature

_____

Voter's Address

7

Case 1:20-cv-00911-WO-JLW   Document 1-4   Filed 09/26/20   Page 8 of 8