# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives, PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate; BOBBY HEATH, MAXINE WHITLEY, and ALAN SWAIN, <br><br> *Plaintiffs*, <br><br> v. <br><br> DAMON CIRCOSTA, in his official capacity as Chair of the North Carolina State Board of Elections, STELLA ANDERSON, in her official capacity as a member of the North Carolina State Board of Elections, JEFF CARMON III, in his official capacity as a member of the North Carolina State Board of Elections, and KAREN BRINSON BELL, in her official capacity as the Executive Director of the North Carolina State Board of Elections, <br><br> *Defendants*. | Civil Action No. 1:20-CV-911 <br><br> **PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT OF SAME** |

**Statement**

Plaintiffs Timothy K. Moore, Philip E. Berger, Bobby Heath, Maxine Whitley, and Alan Swain, hereby respectfully request, pursuant to Federal Rule of Civil Procedure 65(a)(1), that the Court issue a preliminary injunction, on or before October 16,

1

2020—the date when the temporary restraining order expires, Doc. 47—enjoining Defendants from enforcing and distributing Numbered Memo 2020-19, Numbered Memo 2020-22, Numbered Memo 2020-23, and any similar memoranda or policy statement that does not comply with the requirements of the Elections Clause, U.S. CONST. art. I, § 4, cl. 1, and the Equal Protection Clause, *id.* amend. XIV, § 1. To be clear, Plaintiffs do not seek to enjoin Defendants from enforcing the *original* version of Numbered Memo 2020-19, issued on August 21, 2020.

## Question Presented

Whether Defendants should be preliminarily enjoined from enforcing and distributing the challenged Numbered Memoranda.

## Argument

As set forth in Plaintiffs' Memorandum in Support of Plaintiffs' Motion for a Temporary Restraining Order, Doc. 9, and Reply, Doc. 40-1, Defendants' actions in publishing the three Memoranda violate two provisions of the Constitution that protect our elections and the right to vote: the Elections Clause and the Equal Protection Clause. First, the U.S. Constitution's Elections Clause provides that only the "Legislature[s]" of the several states or Congress may prescribe the time, place, and manner of federal elections, and the North Carolina Constitution vests the legislative power exclusively in the General Assembly. Defendants have clearly violated this Clause by issuing Memoranda that

2

directly contravene the General Assembly's duly enacted statutes setting the rules of the election. Second, these ad-hoc Memoranda have been issued while voting is *ongoing* and to that end Defendants are applying different rules to ballots cast by similarly situated voters, thus violating the Equal Protection Clause in two distinct ways: Defendants are administering the election in an arbitrary and nonuniform manner that will inhibit the right of voters who cast their absentee ballots before the Memoranda were announced to participate in the election on an equal basis with other citizens in North Carolina, and Defendants are purposefully allowing otherwise unlawful votes to be counted, thereby deliberately diluting and debasing North Carolina voters' votes.

Preliminary injunctive relief is warranted because (1) Plaintiffs are likely to succeed on the merits of their claims; (2) they will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in their favor; and (4) the injunction is in the public interest. *See League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Absent relief from this Court, Plaintiffs' interests in defending duly enacted state election laws, the integrity of the ongoing election, and North Carolinians' voting rights will be irreparably harmed, and the current election law framework that governs the ongoing election will be substantially, and unconstitutionally, altered.

Issue preclusion arising from the state trial-court litigation in *North Carolina Alliance for Retired Americans v. North Carolina State Board of Elections*, No. 20 CVS 8881 (N.C. Wake Cnty. Super. Ct.), does not bar this Court from granting this motion. While Defendants have not briefed this issue, they raised in during argument on the temporary restraining order, *see* Hearing Transcript at 38–41, Doc. 26, *Wise v. N.C. State Bd. of Elections*, No. 20-cv-912 (M.D.N.C. Oct. 2, 2020) ("Hearing Tr.") (attached as Ex. 1 to Declaration of Peter A. Patterson ("Patterson Decl.")), meaning that Judge Dever implicitly rejected it in granting the order. And he was right to do so.

First, issue preclusion cannot be asserted against a party that lacked a full and fair opportunity to litigate the issue in the prior proceeding. *See In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004). Three of the Plaintiffs in this case—Heath, Whitley, and Swain—were not parties to the state court litigation, so they cannot be barred by issue preclusion. That is fatal to Defendants' issue preclusion argument.

Second, to determine this motion, this Court must determine whether Plaintiffs have a *likelihood* of success on the merits. The state trial court's consent judgment is subject to appeal, and there are substantial arguments that the state court erred in entering it. *See Fres-co Sys. USA, Inc. v. Hawkins*, 690 F. App'x 72, 79 (3d Cir. 2017); *World Wide St. Preachers' Fellowship v.*

4

*Reed*, No. 05-cv-2565, 2006 WL 1984614, at *3 (M.D. Pa. July 13, 2006). While we will not rehearse all of them here, two were particularly glaring. First, the state trial court *lacked jurisdiction* to enter the consent judgment. Under North Carolina law, claims are facial to the extent they seek relief beyond the plaintiffs themselves, *see State v. Grady*, 831 S.E.2d 542, 570 (N.C. 2019), and facial claims must be heard and decided by a three-judge panel, *see* N.C. GEN. STAT. §§ 1-81.1, 1-267.1. Despite the fact that the *North Carolina Alliance* plaintiffs sought relief for the entire North Carolina electorate—as reflected by the scope of the consent judgment—the state trial court judge refused to transfer the case to a three-judge panel. Second, the state trial court judge lacked authority to enter the consent judgment over Plaintiffs Berger and Moore's objections because state law grants them "final decision-making authority" in constitutional challenges to North Carolina laws. N.C. GEN. STAT. § 120-32.6(b). Because it lacked the consent of necessary parties, the consent judgment is void. *See Owens v. Voncannon*, 111 S.E.2d 700, 702 (N.C. 1959). These are only two of the many errors undermining the consent judgment. Because it is likely to be reversed on appeal, any issue preclusive effect it has against Plaintiffs is likely to be eliminated.

Third, issue preclusion is not an inexorable command; it is "qualified or rejected when [its] application would contravene an

overriding public policy or result in manifest injustice." *United States v. LaFatch*, 565 F.2d 81, 83–84 (6th Cir. 1977); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 28 (1982); 18 FED. PRAC. & PROC. JURIS. § 4426 (3d ed.). Applying issue preclusion here would be contrary to public policy and work a manifest injustice. For one, the fundamental nature of Plaintiffs' Elections Clause claim is that the authority to regulate federal elections is constitutionally delegated to state legislatures. Consequently, a state trial court's entering of a consent judgment at the behest of an executive branch agency should not be allowed to prevent this Court from considering the merits of the claim. For another, as explained above, the trial-court consent judgment is subject to appeal and Defendants are changing the rules of the election in violation of the Constitution as the election is *ongoing*. Any preclusive effect the order has may be ephemeral and the overriding importance of protecting the constitutional rights at issue here counsel in favor of disregarding it.

Accordingly, Plaintiffs request that the Court enter a preliminary injunction:

(1) Enjoining Defendants from enforcing and distributing Numbered Memo 2020-19 or any similar memoranda or policy statement that does not comply with the requirements of the Elections Clause;

6

(2) Enjoining Defendants from enforcing and distributing Numbered Memo 2020-22 or any similar memoranda or policy statement that does not comply with the requirements of the Elections Clause;

(3) Enjoining Defendants from enforcing and distributing Numbered Memo 2020-23 or any similar memoranda or policy statement that does not comply with the requirements of the Elections Clause; and

(4) Enjoining Defendants from enforcing and distributing the three Numbered Memoranda or any similar memoranda or policy statement that does not comply with the requirements of the Equal Protection Clause.

In addition to the Memorandum and Reply filed in support of Plaintiffs' previous Motion for a Temporary Restraining Order, Plaintiffs support this Motion with the accompanying Affidavit of Linda Devore, *N.C. Alliance for Ret. Ams. v. N.C. State Bd. of Elections,* No. 20 CVS 8881 (Wake Cnty. Super. Ct. Sept. 30, 2020) ("Devore Aff.") (attached as Ex. 2 to Patterson Decl.). During the hearing on Plaintiffs' Motion for a Temporary Restraining Order on October 2, 2020, Defendants' counsel represented to Judge Dever that "[t]here is no evidence in the record of how many ballots, if any, have been spoiled so far for lack of a witness requirement. That is just speculation." Hearing Tr. at 31:17–20; *see also id.* at 46:24–47:1 ("There is no evidence . . . in the record that any

7

voter's ballot was spoiled based on a failure to comply with the witness requirement."). The affidavit of Linda Devore, Secretary of the Cumberland County Board of Elections, which Defendants had access to because Plaintiffs filed it in the *North Carolina Alliance* action in state court, see Legislative Defendants' Opposition to Plaintiffs' & Executive Defendants' Joint Motion for Entry of a Consent Judgment, Ex. 18, *N.C. All. for Retired Ams.*, No. 20 CVS 8881 (N.C. Wake Cnty. Super. Ct. Sept. 30, 2020), indicates that in Cumberland County, before the update to Numbered Memo 2020-19, voters with a witness deficiency "were notified that their ballot had been spoiled and were mailed a new Absentee Ballot." Devore Aff. ¶ 19. This is not surprising, as that is what Defendants instructed county boards to do in the initial version of Numbered Memo 2020-19 that was in place when voting started. It also is consistent with data on Defendants' own website, which indicates that statewide thousands of absentee ballots have been spoiled to date. *See Absentee Ballot Data*, N.C. STATE BD. OF ELECTIONS (Oct. 6, 2020), https://bit.ly/33y6CgY.

Plaintiffs also would like to present the Court with the following chart showing, by date, the twists and turns Defendants' cure procedures have taken to underline the arbitrary nature of what they have done since voting started:

8

| Date | Governing Document | Cure Procedures |
|---|---|---|
| Aug. 21 | Original Numbered Memo 2020-19 (Doc. 1-4) | - The following deficiencies could *not* be cured by a cure affidavit from the voter:<br>  o Witness did not print name<br>  o Witness did not print address<br>  o Witness did not sign<br>  o Witness signed on the wrong line |
| Sept. 22 | Revised Numbered Memo 2020-19[1] (Doc. 45-1 Ex. B) | - The following deficiencies *could* be cured by a cure affidavit from the voter:<br>  o Witness did not print name<br>  o Witness did not print address<br>  o Witness did not sign<br>  o Witness signed on the wrong line<br>- Cure affidavit to be signed and returned by the voter merely required the voter to affirm that she was an eligible voter registered in the relevant county, that she voted and returned her absentee ballot for the November 3, 2020 general election, and that she had not and would not vote more than one ballot in the election |

---

[1] Further adding to this twisted evolution of the cure process, email correspondence indicates that Defendants may have directed county boards of elections on September 11 to stop sending voter notifications of deficiencies pending further guidance. *See* Plaintiffs' Memorandum of Law in Support of Their Motion to Enforce Order Granting in Part Preliminary Injunction, Or, in the Alternative, Motion for Clarification, and to Expedite Consideration of Same, Ex. 1 at 6, Doc. 148-1, *Democracy N.C. v. N.C. State Bd. of Elections*, No. 20-cv-457 (M.D.N.C. Sept. 30, 2020) (attached as Ex. 3 to Patterson Decl.).

| Oct. 1 | Numbered Memo 2020-27 (Doc. 40-2) | <ul><li>Directed county boards of elections that when they received an executed absentee container-return envelope with a *missing witness signature* they were to take no action as to that envelope</li><li>County boards of elections were not to send a cure certification or reissue the ballot if they received an executed container-return envelope without a witness signature</li><li>Revised Numbered Memo 2020-19 remained in effect in all other respects</li></ul> |
|---|---|---|
| Oct. 4 | Numbered Memo 2020-28 (attached as Ex. 4 to Patterson Decl.) | <ul><li>Places Numbered Memos 2020-19, 2020-22, 2020-23, and 2020-27 on hold</li><li>Directs county boards of elections that when they receive an executed absentee container-return envelope with *any* deficiency they are to take no action as to that envelope</li><li>If a ballot has a deficiency, county boards of elections are not to issue a cure certification or spoil the ballot even upon a voter's request</li></ul> |

Plaintiffs are ready and willing to file any additional submissions that may be considered by the Court if there are outstanding issues the Court would like addressed.

10

**Conclusion**

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction should be granted.

Dated: October 6, 2020    Respectfully submitted,

/s/ Nicole J. Moss    /s/ Nathan A. Huff
COOPER & KIRK, PLLC    PHELPS DUNBAR LLP
David H. Thompson    4140 ParkLake Avenue, Suite 100
Peter A. Patterson    Raleigh, North Carolina 27612
Nicole J. Moss (State Bar No. 31958)    Telephone: (919) 789-5300
1523 New Hampshire Avenue, NW    Fax: (919) 789-5301
Washington, D.C. 20036    nathan.huff@phelps.com
(202) 220-9600    State Bar No. 40626
(202) 220-9601    *Local Civil Rule 83.1 Counsel for Plaintiffs*
nmoss@cooperkirk.com
*Counsel for Plaintiffs*

**CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.3(d)(1), the undersigned counsel hereby certifies that the foregoing Motion for a Preliminary Injunction and Memorandum in Support of Same, including body, headings, and footnotes, contains 2,038 words as measured by Microsoft Word.

/s/ Nicole J. Moss  
Nicole J. Moss

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the 6th day of October, 2020, she electronically filed the foregoing Motion for a Preliminary Injunction and Memorandum in Support of Same with the Clerk of the Court using the CM/ECF system, which will send notification of such to all counsel of record in this matter.

/s/ Nicole J. Moss
Nicole J. Moss